UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| JAMES RICHARD CONLEY, JR., <br><br> Petitioner, <br><br> v. <br><br> FRANCISCO QUINTANA, Warden, <br><br> Respondent. | Civil Action No. 5:17-488-KKC <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

James Richard Conley, Jr. is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Conley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Conley's petition.

In 2011, a federal grand jury indicted Conley, charging him with multiple crimes, including conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. *See United States v. Conley*, No. 1:11-cr-037, at R. 10 (W.D. Va. 2011). Shortly thereafter, the Government filed a notice, pursuant to 28 U.S.C. § 851, indicating that Conley had two prior felony drug convictions. *See id.* at R. 82. Therefore, Conley was subject to an enhanced prison sentence under § 841(b)(1).

Conley eventually pled guilty to the conspiracy charge. In Conley's plea agreement, he acknowledged that he had two prior felony drug convictions and, thus, was subject to an enhanced prison sentence. *See id.* at R. 118 at 3. That said, the Government agreed to pursue a sentence enhancement based on only one of Conley's prior felony drug convictions, not both. *See id.* at R. 118 at 3. Therefore, Conley was subject to a mandatory minimum sentence of 20 years in prison,

-1-

rather than the mandatory minimum of life in prison that would have otherwise been applicable to him under § 841(b)(1). *See id.* at R. 118 at 1, 3. In Conley's plea agreement, he also waived his right to collaterally attack any order issued in his case. *See id.* at R. 118 at 8-9. The trial court ultimately accepted Conley's plea and sentenced him to 262 months in prison. Conley did not file a direct appeal, and while he filed motions to vacate and reduce his sentence, the district court denied those motions. *See id.* at R. 254, 261, 265.

Conley has now filed his § 2241 petition with this Court. Despite his plea agreement, Conley argues that the trial court erred when it determined that he had a prior felony drug conviction and thus was subject to a mandatory minimum sentence of 20 years in prison. Conley cites multiple cases to support his petition, including *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

As an initial matter, Conley waived his right to collaterally attack his sentence. Indeed, Conley specifically said in his plea agreement, "I waive any right I may have to collaterally attack, in *any* future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file *any* document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel." *United States v. Conley*, No. 1:11-cr-037, at R. 118 at 8-9 (W.D. Va. 2011) (emphasis added). This broad waiver precludes the arguments that Conley makes in this case. As this Court has recognized on numerous occasions, such waivers are valid and enforceable in § 2241 proceedings. *See Ewing v. Sepanek*, No. 0:14-cv-111-HRW (E.D. Ky. Jan. 6, 2015); *Solis-Caceres v. Sepanek*, No. 0:13-cv-021-HRW (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 5:11-cv-012-JMH (E.D. Ky. Jan. 7, 2011). In short, Conley is barred from challenging his sentence in his habeas petition.

That said, even if Conley's collateral attack waiver was not enforceable, his § 2241 petition would still constitute an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Conley cannot use a § 2241 petition as a way of challenging his sentence.

Conley nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. *See* R. 1-2 at 2-5. It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court sentenced Conley in 2011, well after the Supreme Court decided *Booker*. Plus, Conley has failed to identify a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that his previous conviction is not a "felony drug offense" for purposes of the § 841(b)(1) enhancement.

While Conley cites *Mathis*, that case discusses the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the Armed Career Criminal Act. Here, the trial court enhanced Conley's sentence pursuant to § 841(b)(1), an entirely different statute with broader language. *See Hernandez v. Ormond*, No. 6:17-cv-081-DLB (E.D. Ky. Sept. 18, 2017) (explaining that the analysis described in *Mathis* is not applicable to enhancements pursuant to § 841(b)(1)'s broad language). And, in any event, the Sixth Circuit recently explained in a published decision that "*Mathis* was dictated by prior precedent (indeed two decades worth)," and, thus, it did not announce a new rule, let alone a retroactive one. *In re Conzelmann*, No. 17-3270, 2017 WL 4159184, *1 (6th Cir. September 20, 2017). Therefore, Conley's reliance on *Mathis* is unavailing.

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. Conley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated December 15, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY